```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

MAXIM V. MALYGIN,

        Plaintiff,

v.                                 Case No. 8:15-cv-2925-T-33AEP

ZAKHEIM & LAVRAR, P.A.,

        Defendant.
_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff Maxim Malygin's Motion to Lift Stay (Doc. # 29), which was filed on December 13, 2016. Defendant Zakheim & Lavrar, P.A. filed a Response in Opposition (Doc. # 32) on January 9, 2017. For the reasons stated below, the Court denies the Motion.

**Discussion**

    Malygin opened a credit card account with Discover Bank but fell behind on his payments in 2013. (Doc. # 2 at ¶¶ 17-18). In November of 2014, Discover Bank turned the account over to the law firm of Zakheim & Lavrar, P.A. "for collection, servicing, or both." (Id. at ¶ 19). Zakheim & Lavrar, P.A. filed a state court complaint on behalf of Discover Bank against Malygin asserting claims for open account and account stated in an effort to collect the debt, which is approximately $12,000.00. (Id. at ¶¶ 20, 22, 29-30). Malygin takes issue with the nature of the state court

collection case, contending that Zakheim & Lavrar, P.A.'s legal theories advanced in state court violate the Fair Debt Collection Practices Act.

On October 30, 2015, Malygin filed a complaint against Zakheim & Lavrar, P.A. in state court, containing three counts for violations of the Fair Debt Collection Practices Act. In Count One, Malygin claims Zakheim & Lavrar, P.A. engaged in "conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt." (Doc. # 2 at ¶ 53). Malygin indicates that Zakheim & Lavrar, P.A. "filed the Collection Case knowing that Plaintiff was statistically unlikely to respond to the Collection Case, thereby permitting [Zakheim & Lavrar, P.A.] to obtain a default judgment against Plaintiff based upon invalid legal theories and in an amount that includes interest not otherwise allowed under Florida law." (Id. at ¶ 55).

In Count Two, Malygin alleges that Zakheim & Lavrar, P.A. used "false, deceptive, or misleading means or representations in attempting to collect the Debt . . . by falsely representing the character, amount, or legal status of the Debt." (Id. at ¶ 58). Likewise, in Count Three, Malygin asserts that Zakheim & Lavrar, P.A. used "unconscionable means in an attempt to collect the Debt . . . by attempting to

collect an amount not permitted by law." (Id. at ¶ 67). "More specifically, within the Collection Case, [Zakheim & Lavrar, P.A.] attempts to collect the Debt in an amount that included in its principal, interest at the rate of 18.99%, which is not authorized under either an Open Account theory or an implied Account Stated theory." (Id. at ¶ 69).

Zakheim & Lavrar, P.A. removed Malygin's FDCPA case on December 23, 2015, predicating subject matter jurisdiction on the presentation of a federal question. (Doc. # 1). Thereafter, on December 28, 2015, this Court filed its Fast Track Scheduling Order. (Doc. # 5). That Order stayed discovery, required the parties to exchange information regarding debt collection activities, and referred the parties to an early mediation with all counsel, corporate representatives and insurance professionals to appear in person.

On January 7, 2016, Zakheim & Lavrar, P.A. filed an unopposed motion requesting permission for its insurance claims representative to appear by telephone at the mediation. (Doc. # 10). The Court granted the Motion but noted "the Court reserves the right to require the parties to participate in a second mediation conference prior to the trial date with the insurance representative appearing in person in the

instance that this matter is not settled at the first mediation conference." (Doc. # 12). The parties reached an impasse at the mediation conference held on February 17, 2016. (Doc. # 14).

The Court held a case management hearing on February 29, 2016. (Doc. # 17). The parties discussed case deadlines and suggested to the Court that it might be appropriate to stay this case in light of the related and on-going state court proceedings. The Court entered the Case Management and Scheduling Order on February 29, 2016, setting the discovery deadline as July 1, 2016, establishing the dispositive motions deadline as July 15, 2016, scheduling the pretrial conference for September 1, 2016, and placing the case on the September 2016 trial term. The parties estimated that the case would take two or three days to try. (Doc. # 18).

On March 14, 2016, Zakheim & Lavrar, P.A. filed its "partially agreed motion to stay" (Doc. # 20), explaining:

> Defendant law firm Zakheim & Lavrar represents Discover in the state court action. In the ongoing state court collection suit, Malygin has challenged the propriety of the quasi contractual claims in both a motion for judgment on the pleadings, which was denied, and a motion for summary judgment. Plaintiff has sued Defendant Zakheim & Lavrar in this retaliatory action alleging claims pursuant to the Fair Debt Collection Practices Act . . . based upon [the] theory that the pursuit of alleged invalid claims under Florida law violates the

4

> FDCPA. The Court should stay this action pending the resolution of the state court action at the trial court level, since the Plaintiff and Discover are currently litigating in state court the viability of the claims asserted under Florida law.

(Doc. # 20 at 1). In the Motion, Zakheim & Lavrar, P.A. explained that Malygin agreed to "a stay of this action, but only until an Order is entered regarding the motion for summary judgment in the underlying state court case." (Id. at 8). The Court granted the Motion as requested by Zakheim & Lavrar, P.A., but limited the stay as suggested by Malygin, to the disposition of the summary judgment motion in state court. (Doc. # 21).

In the Motion to Lift Stay, Malygin reports that the state court denied Malygin's motion for summary judgment on April 7, 2016, and denied Malygin's motion for reconsideration on June 17, 2016. (Doc. # 29 at 2-3). Malygin accordingly requests that the Court lift the stay of the case and return the case to active status. (Doc. # 29). To that end, Malygin posits that "[t]he state court proceeding is certainly related to this action; however, an adjudication in the state-court proceeding in favor of Discover would not be dispositive of, or fatal to, Malygin's claims here against [Zakheim & Lavrar, P.A.]. (Id. at 3).

Zakheim & Lavrar, P.A., on the other hand, contends that

5

"Plaintiff asserts here that the law firm Zakheim & Lavrar has violated the FDCPA by the strategy and claims it has pursued on behalf of its client in state court. Certainly, if the state trial court continues to hold that the claims asserted are viable, then Plaintiff's FDCPA claims here cannot state a claim upon which relief can be granted." (Doc. # 32 at 2-3). Zakheim & Lavrar, P.A. also suggests that Malygin "seeks to impermissibly split his cause of action." (Id. at 3).

Given the overlapping nature of the parallel actions, to promote judicial efficiency, and to avoid the risk of inconsistent verdicts, this Court determines that it is appropriate to maintain the stay of the present action. See Clinton v. Jones, 520 U.S. 681, 706 (1997)("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Chudasama v. Mazda Motor Co., 123 F.3d 1353, 1366 (11th Cir. 1997)("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."). Malygin contends Zakheim & Lavrar, P.A. is "arguing for a perpetual stay" in this case. (Doc. # 29 at 5). The Court rejects this argument, the stay is until the resolution of the state court case, and is not perpetual or otherwise indefinite. Although this Court is not privy to the state court's trial docket, the Court anticipates that a

6

trial in state court will take place without delay because the state court has long since resolved the motion for summary judgment and motion for reconsideration. Malygin's Motion to Lift the Stay is accordingly denied. This case will remain under a stay until the state court case has been finally resolved. The parties are directed to provide a status report upon the conclusion of the state court case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Maxim Malygin's Motion to Lift Stay (Doc. # 29) is **DENIED.**

(2) This case remains stayed and administratively closed.

(3) The parties are directed to advise the Court immediately upon the conclusion of the state court case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of January, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE