UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAXIM V. MALYGIN,

    Plaintiff,

v.  Case No. 8:15-cv-2925-T-33AEP

ZAKHEIM & LAVRAR, P.A.,

    Defendant.
_____/

### ORDER

This matter comes before the Court sua sponte. On March 1, 2017, counsel for Plaintiff formally suggested the death of Plaintiff on the record. (Doc # 34). Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent **must be dismissed**.

Fed. R. Civ. P. 25(a)(1)(emphasis added). The Court cautioned counsel on March 2, 2017: "under Federal Rule of Civil Procedure 25(a), unless a motion for substitution is made within 90 days after the death is suggested upon the record, the action shall be dismissed." (Doc. # 35).

The 90-day deadline has passed and a motion for substitution has not been filed. As such, the action is dismissed pursuant to the provisions of Federal Rule of Civil Procedure 25(a)(1).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This case is dismissed pursuant to Rule 25(a)(1), Fed. R. Civ. P.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of May, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE